# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

RONALD BRANDON,

                Petitioner,         :   Case No. 2:19-cv-2487

      - vs -                          District Judge Edmund A. Sargus, Jr.
                                          Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
   Noble Correctional Institution,

                                     :
                Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought *pro se* by Petitioner Ronald Brandon to obtain relief from his convictions in the Muskingum County Court of Common Pleas on charges of engaging in a pattern of corrupt activity, possession of and trafficking in drugs, and having weapons while under disability.

Upon filing of the Petition (ECF No. 1), Magistrate Judge Chelsey Vascura ordered Respondent to file an answer and the state court record (ECF No. 4). Respondent has done so (State Court Record, ECF No. 10; Return, ECF No. 11). Petitioner has now filed a Reply (ECF No. 12), rendering the case ripe for decision.

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (Transfer Order, ECF No. 13). The case remains assigned to District Judge Sargus for final decision.

**Litigation History**

In March 2017 the Muskingum County grand jury indicted Brandon on six counts: Count One: trafficking in drugs (cocaine), a fifth-degree felony in violation of Ohio Revised Code § 2925.03(A)(1); Count Two, possession of drugs (cocaine), a fifth-degree felony in violation of Ohio Revised Code § 2925.11(A); Count Three, possession of drugs (methamphetamine), a third-degree felony in violation of Ohio Revised Code § 2925.11(A); Count Four, possession of drugs (delta-9-tetrahydrocannabinol), a fifth-degree felony in violation of Ohio Revised Code § 2925.11(A); Count Five, engaging in a pattern of corrupt activity, a first-degree felony in violation of Ohio Revised Code § 2923.32(A)(1); and Count Six, having a weapon under disability, a third-degree felony in violation of Ohio Revised Code § 2923.13(A)(3) (State Court Record, ECF No. 10, PageID 49-50).

Brandon tried the first five counts to a jury, which convicted him on all five. The trial judge found him guilty on Count Six, the weapons charge, after a bench trial (State Court Record, ECF No. 10, PageID 53-54). He was sentenced to concurrent terms of thirty months and eleven months for the drug charges, ten years consecutive for the pattern of corrupt activity charge, and a further thirty months for the weapons charge, for an aggregate prison term of fifteen years. *Id*. at PageID 56.

Brandon appealed to the Ohio Fifth District Court of Appeals raising as his sole assignment of error that the record did not support consecutive sentences. The Fifth District affirmed. *State v. Brandon*, 2018-Ohio-3701 (Ohio App. 5th Dist. Sept. 7, 2018). It then also denied Brandon's motion to file a supplemental brief *pro se* (State Court Record, ECF No. 10, PageID 108). Brandon did not appeal to the Supreme Court of Ohio.

On October 17, 2018, Brandon filed an application to reopen his direct appeal to assert as ineffective assistance of appellate counsel the omission of the following assignments of error:

1. The[] appellant received ineffective assistance of trial counsel pursuant to the failure to advance the affirmative defense of consent, as to Count One of the indictment.

2. The indictment failed to charge a third-degree possession of drugs for Count Three.

3. Appellant was denied due process of law, which is inalienable under the Fifth Amendment, when he was convicted of engaging in a pattern of corrupt activity without proof of every element beyond a reasonable. [*sic*].

4. Use of appellant's juvenile record to support the imposition of consecutive sentences denied due process and equal protection of the law, thereby constituting a reversible constitutional error.

(State Court Record, ECF No. 10, PageID 112-17). The Fifth District denied the application, *id.* at PageID 127-28, and the Supreme Court of Ohio declined review. *Id.* at PageID 158.

Brandon then filed the instant habeas corpus petition pleading the following grounds for relief:

**Ground One:** A criminal defendant is denied effective assistance of appellate counsel where counsel fails to raise "dead-bang" winners that would have strongly changed the outcome of appeal.

**Ground Two:** A criminal defendant receives ineffective assistance of trial counsel where a failure to advance an affirmative defense substantially prejudices him to conviction without sufficient evidence.

**Ground Three:** An indictment is sufficient in charging an offense if it recites the language of the relevant criminal statute, but fails to aggravate an offense if it lacks the degree of the offense and specific numerical designation.

**Ground Four:** When evidence gained from a non-testifying co-defendant is used against the accused, any conviction underscored

by this evidence must be reversed pursuant to the Confrontation Clause of the 6th U.S.C.A.

**Ground Five:**  Use of a criminal defendant's juvenile record to support imposition of consecutive sentences denies due process and equal protection of the law.

(Petition, ECF No. 1, PageID 3-6.)


# Analysis


Petitioner's Grounds Two, Three, Four, and Five were capable of adjudication on the record before the Fifth District on direct appeal, but none of them were raised in that forum.  Based on these procedural facts, which Brandon does not contradict, all four of these claims are subject to procedural default.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal

habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); accord: *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis ("*Maupin* test") when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
>                . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138. A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

When an issue that could have been decided on direct appeal is omitted from that proceeding, Ohio's criminal *res judicata* doctrine prevents Ohio courts from later consideration of that issue. That doctrine, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), has repeatedly been held to be "an adequate and independent state ground barring federal habeas review." *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007) (collecting cases). The Ohio courts have consistently enforced the rule. *See, e.g.*, *State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16 (1981).

One way to show excusing cause and prejudice for a procedural default is to show that the default was caused by the constitutionally ineffective assistance of counsel. Attorney error amounting to ineffective assistance of counsel can constitute cause to excuse a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1985); *Howard v. Bouchard,* 405 F.3d 459, 478 (6th Cir. 2005); *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999); *Gravley v. Mills,* 87 F.3d 779, 785 (6th Cir. 1996). However, *Murray* also holds that the exhaustion doctrine "generally requires that a claim of ineffective assistance of counsel be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceedings."

477 U.S. at 489.

In his effort to show excusing cause and prejudice regarding Grounds Two, Three, Four, and Five, Brandon claims those grounds were omitted on direct appeal because he received ineffective assistance of appellate counsel in that proceeding. Such a claim cannot be presented in federal court unless it has been previously exhausted in the state courts. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Brandon did exhaust his ineffective assistance of appellate counsel claim in exactly the way required by Ohio law, to wit, by submitting an application for reopening the direct appeal under Ohio R.App.P. 26(B), Ohio's principal vehicle for adjudicating ineffective assistance of appellate counsel claims.

A state court decision on the merits of an ineffective assistance of appellate counsel claim is treated for habeas corpus purposes in the same way as any other state court decision on federal constitutional questions later presented in federal court. That is, such a decision is entitled to deference unless it is contrary to or any objectively unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Brandon included in his 26(B) Application the four omitted assignments of error quoted above in the Litigation History section. The Fifth District decided the 26(B) Application on the merits[1] (State Court Record, ECF No. 10, PageID 127-28). It applied the correct federal standard

---

[1] Brandon concedes the Rule 26(B) Application was decided on the merits, but asserts he was entitled to findings of fact and conclusions of law "[b]ecause App.R. 26(B) proceedings are the equivalent of post-conviction relief proceedings before a trial court[.]" (Reply, ECF No. 12, PageID 758.) That is incorrect. Post-conviction relief proceedings are governed by statute, Ohio Revised Code § 2953.21-.23, and it is the legislature that prescribed findings

for ineffective assistance of appellate counsel derived from *Strickland v. Washington,* 466 U.S. 668 (1984), which the Supreme Court has expressly held applies to ineffective assistance of appellate counsel claims. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). Although the Fifth District's decision was summary, it was clearly on the merits and not on some procedural issue. A state court decision can constitute an "adjudication on the merits" entitled to deference under 28 U.S.C. § 2254(d)(1) even if the state court does not explicitly refer to the federal claim or to relevant federal case law. In *Harrington v. Richter*, 562 U.S. 86 (2011), the Supreme Court held:

> By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. *See Chadwick v. Janecka*, 312 F.3d 597, 605-606 (CA3 2002); *Wright v. Secretary for Dept. of Corrections*, 278 F.3d 1245, 1253-1254 (CA11 2002); *Sellan v. Kuhlman*, 261 F.3d 303, 311-312 (CA2 2001); *Bell v. Jarvis*, 236 F.3d 149, 158-162 (CA4 2000) (en banc); *Harris v. Stovall*, 212 F.3d 940, 943, n. 1 (CA6 2000); *Aycox v. Lytle,* 196 F.3d 1174, 1177-1178 (CA10 1999); *James v. Bowersox*, 187 F.3d 866, 869 (CA8 1999). And as this Court has observed, a state court need not cite or even be aware of our cases under § 2254(d). *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) (per curiam). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated.

---

and conclusions in those proceedings. Ohio R.App.P. 26(B) is entirely the product of the Supreme Court of Ohio's rulemaking process under the Modern Courts Amendment. See *State v. Murnahan*, 63 Ohio St. 3d 60 (1992), superseded in part by Ohio R.App. 26(B) as recognized in *State v. Davis*, 119 Ohio St. 3d 422, 2008-Ohio-4608, ¶¶ 13-16.

*Id.* at 98. "This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decisions can be deemed to have been 'adjudicated on the merits.'" *Id.* at 100. Petitioner's burden, then, is to show the Fifth District's decision on his ineffective assistance of appellate counsel claim is not entitled to deference under 28 U.S.C. § 2254(d)(1) or (2).

To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Smith v. Murray*, 477 U.S. 527 (1986); *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003).

Brandon asserts his omitted assignments were "dead-bang winner[s]." (Reply, ECF No. 12, PageID 758). The strength of Brandon's omitted assignments of error will be evaluated in turn.


**Ineffective assistance of trial counsel for failure to raise a defense of consent**


Brandon first argued to the Fifth District that he received ineffective assistance of trial counsel when his trial attorney failed to pursue an affirmative defense of consent. He asserted that

the only person to whom he directly sold drugs consented to the sale, he could have used that consent as an affirmative defense. (State Court Record, ECF No. 10, PageID 112-13, citing *Sorrells v. United States,* 287 U.S. 435 (1932); *State v. Mehozonek*, 8 Ohio App. 3d 271 (8th Dist. 1983)).

In *Mehozonek* a manufacturer staged five fake thefts from its plant to test the loyalty of its security guards who were indicted for allowing the thefts to occur. The convictions were reversed because the property owner planned the crime. 8 Ohio App. 3d at 271-72. In essence, the employer consented to the taking of its property, and lack of consent of the owner has always been an element of theft. *Id*. at 274. *Sorrells* is an entrapment case; the Supreme Court held there was sufficient evidence of entrapment to submit that affirmative defense to the jury. 287 U.S. at 441.

Brandon does not argue that he presented any sufficient evidence of entrapment and he also presents no case authority holding that consent is a defense in a drug trafficking case. Such cases regularly involve willing buyers and sellers and it is unlawful both to sell and to buy controlled substances outside the prescription system. It cannot be ineffective assistance of trial counsel to fail to present a defense that the courts have never accepted. *A fortiori* it cannot be ineffective assistance of appellate counsel to fail to raise such an omission as ineffective assistance of trial counsel.

**Ineffective Assistance of Trial Counsel to Fail to Raise a Claim that the Indictment Failed to Charge Third-Degree Possession of Drugs in Count Three**

Brandon's argument is that the Indictment at Count Three, failed to declare a felony level [and] it didn't include the numerical designation for a violation of the third degree." He asserted

these omissions effectively deprive the trial court of subject matter jurisdiction. (State Court Record, ECF No. 10, PageID 114, citing *State v. Cimpritz,* 158 Ohio St. 490 (1953)).

Count Three of the Indictment reads:

> THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about 05/26/2016, in the County of Muskingum, Ohio, Ronald J. Brandon did knowingly obtain, possess, or use Methamphetamine, a Schedule II controlled substance, in an amount greater than the bulk amount but less than five (5) times the bulk amount; in violation of Ohio Revised Code, Title 29, Section 2925.11(A) and against the peace and dignity of the State of Ohio.

(State Court Record, ECF No. 10, PageID 49.) Ohio Revised Code § 2925.11(A) provides "No person shall knowingly obtain, possess, or use a controlled substance." Ohio Revised Code § 2925.11(B) provides exceptions. Ohio Revised Code § 2925.11(C) is the penalty provision and provides that if a person violates Ohio Revised Code § 2925.11(A) by possessing a Schedule I or II controlled substance (with exceptions not applicable here), the person is guilty of aggravated possession of drugs, a felony of the third degree, if the amount is greater than the defined bulk amount of the drug but less than five times bulk. Ohio Revised Code § 2925.11(C)(1)(b). Count Three of the Indictment plainly advised Brandon that he was charged with possession of great than a bulk amount of a Schedule II controlled substance, Methamphetamine, on a particular date. As the Magistrate Judge understands Brandon's argument, it is that the failure to state of the face of Count Three that it is for a third-degree felony and the failure to specify the Revised Code section that makes it so (Ohio Revised Code § 2925.11(C)(1)(b)) renders the Indictment void and appellate counsel should have raised that as an assignment of error.

A judgment of conviction based on an indictment which does not charge an offense is, under Ohio law, void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding. *State v. Cimpritz,* 185 Ohio St. 490, 490-91 (1953), paragraph six of the syllabus. However, in *Midling v. Perrini*, 14 Ohio St. 2d 106 (1968), the Supreme Court of Ohio overruled *Cimpritz* and held that failure to object that an indictment does not state an offense must be raised in the trial court and cannot be raised for the first time on appeal because it does not deprive the trial court of subject matter jurisdiction. *See, e.g.*, *State v. Butcher*, No. 2019-P-0005, 2019-Ohio-3728, ¶ 26 (Ohio App. 11th Dist. Sept. 16, 2019).. Without attempting to determine if omitting the degree of any offense or the numerical designation of the appropriate penalty section constitutes omission of an "element" under Ohio law, the claim could not have been raised by appellate counsel because it was not raised in the trial court. Failure to raise on direct appeal a claim that is not cognizable on appeal is plainly not ineffective assistance of appellate counsel.

**Conviction for Engaging in a Pattern of Corrupt Activity Without Proof of Every Element**

Brandon's third omitted assignment of error was that he was convicted of engaging in a pattern of corrupt activity without proof of every element beyond a reasonable doubt (State Court Record, ECF No. 10, PageID 114-16). In his argument to the Fifth District, he somehow conflated the burden of proof argument with a denial of confrontation rights with April Jones. It appears that he is claiming that without evidence from text messages he exchanged with April Jones, the State did not prove the value of the drugs he sold her exceeded one thousand dollars (See Ohio Revised Code § 2923.31(I)(2)(c)). In his Reply in this Court, he argues "there is a nexus between

confrontation and sufficiency . . ." (ECF No. 12, PageID 760-61), but he does not state what that nexus is.

The jury returned a finding that that value of the contraband possessed, sold, or purchased by Brandon exceeded one thousand dollars (Trial Tr., ECF No. 10-1, PageID 709). Counsel made no objections to the jury instructions as given. *Id.* at PageID 705. The instruction on pattern of corrupt activity occurs at PageID 693-94 and requires the finding of two predicate acts including trafficking in cocaine, a felony of the first degree. Thus the jury was required to make—and did make—the finding Brandon says was necessary. If his claim is that they could not make that finding based on the evidence before them because of a violation of the Confrontation Clause, that claim is forfeited by lack of any contemporaneous objection. In other words, evidence admitted in arguable violation of the Confrontation Clause still "counts" toward the sufficiency of the evidence and the argument is lost if not made at the time of admission of the evidence.

Because there was no contemporaneous objection on Confrontation Clause grounds, it was not ineffective assistance of appellate counsel to fail to raise a Confrontation Clause claim on direct appeal, much less an insufficiency of the evidence claim which would have depended on success of the Confrontation Clause claim.

**Use of Brandon's Juvenile Offenses Record to Support Imposition of Consecutive Sentences**

In his fourth omitted assignment of error, Brandon claimed his constitutional rights to due process and equal protection were violated when the trial judge relied in part on his record of juvenile offenses to justify imposing consecutive sentences ((State Court Record, ECF No. 10, PageID 116-17, citing *State v. Hand,* 149 Ohio St. 3d 94, 2016-Ohio-5504).

Brandon fundamentally misreads Hand. In that case the Supreme Court of Ohio held that

Ohio Revised Code § 2901.08(A) violates both the Ohio and Federal Constitutions "because it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a subsequent offense committed as an adult—A juvenile adjudication cannot be used to increase a sentence beyond a statutory maximum or mandatory minimum." 2016-Ohio-5504, at ¶ 37. That is simply not what happened here. The trial judge did consider Brandon's record of juvenile offenses for the purpose of deciding what sentence to impose within the range of sentences authorized by the jury verdicts. He did not rely on the juvenile record to enhance the degree of any of the offenses of conviction.

Neither the *Hand* court nor any other court to the Magistrate Judge's knowledge has held that a juvenile offense record cannot be considered in choosing an appropriate sentence from among the sentences authorized by the jury verdicts. Brandon cited no such case law to the Fifth District and he adds nothing to his *Hand* citation in his Reply (ECF No. 12, PageID 761-62). Because an assignment of error based on *Hand* would have been unsuccessful, it cannot have been ineffective assistance of appellate counsel to fail to plead such an assignment.

**Conclusion**

As the foregoing analysis demonstrates, the Fifth District's decision on Brandon's Rule 26(B) Application was completely reasonable because it rejected four assignments of error that would not have been successful if raised. The Fifth District's Rule 26(B) decision is therefore entitled to deference under 28 U.S.C. § 2254(d)(1). Brandon has therefore failed to show cause and prejudice to excuse his procedural default in presenting Grounds for Relief Two, Three, Four, and Five to the state courts. By the same reasoning, his Ground One is without merit.

The Magistrate Judge therefore respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 22, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.