# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RONALD BRANDON,

        Petitioner,    :    Case No. 2:19-cv-2487

- vs -                         District Judge Edmund A. Sargus, Jr.
                                       Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution,

                                        :

        Respondent.

## OPINION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 15) to the Magistrate Judge's recommendation that the case be dismissed with prejudice (Report and Recommendations ("Report", ECF No. 14). As required by Fed.R.Civ.P. 72(b), the District Judge has reviewed *de novo* those portions of the Report to which specific objection has been made and rules on those objections as follows.

**Litigation History**

In March 2017 Petitioner was indicted by the Muskingum County grand jury on charges of trafficking in drugs (cocaine)(Count One:); possession of drugs (cocaine)(Count Two); possession of drugs (methamphetamine)(Count Three); possession of drugs (delta-9-tetrahydrocannabinol)(Count Four); engaging in a pattern of corrupt activity (Count Five); and

1

having a weapon under disability (Count Six)(State Court Record, ECF No. 10, PageID 49-50). A jury convicted Brandon on the first five counts and the trial judge found him guilty on the weapons charge after a bench trial (State Court Record, ECF No. 10, PageID 53-54). He was sentenced to concurrent terms of thirty months and eleven months for the drug charges, ten years consecutive for the pattern of corrupt activity charge, and a further thirty months for the weapons charge, for an aggregate prison term of fifteen years. *Id.* at PageID 56.

Brandon appealed to the Ohio Fifth District Court of Appeals raising as his sole assignment of error that the record did not support consecutive sentences. The Fifth District affirmed. *State v. Brandon*, 2018-Ohio-3701 (Ohio App. 5th Dist. Sept. 7, 2018). It then also denied Brandon's motion to file a supplemental brief *pro se* (State Court Record, ECF No. 10, PageID 108). Brandon did not appeal to the Supreme Court of Ohio.

On October 17, 2018, Brandon filed an application under Ohio R. App. P. 26(B) to reopen his direct appeal to assert as ineffective assistance of appellate counsel the omission of the following assignments of error:

> 1. The[] appellant received ineffective assistance of trial counsel pursuant to the failure to advance the affirmative defense of consent, as to Count One of the indictment.
>
> 2. The indictment failed to charge a third-degree possession of drugs for Count Three.
>
> 3. Appellant was denied due process of law, which is inalienable under the Fifth Amendment, when he was convicted of engaging in a pattern of corrupt activity without proof of every element beyond a reasonable. [*sic*].
>
> 4. Use of appellant's juvenile record to support the imposition of consecutive sentences denied due process and equal protection of the law, thereby constituting a reversible constitutional error.

(State Court Record, ECF No. 10, PageID 112-17). The Fifth District denied the application, *id.*

at PageID 127-28, and the Supreme Court of Ohio declined review. *Id.* at PageID 158.

Brandon then filed the instant habeas corpus petition pleading the following grounds for relief:

> **Ground One:** A criminal defendant is denied effective assistance of appellate counsel where counsel fails to raise "dead-bang" winners that would have strongly changed the outcome of appeal.
>
> **Ground Two:** A criminal defendant receives ineffective assistance of trial counsel where a failure to advance an affirmative defense substantially prejudices him to conviction without sufficient evidence.
>
> **Ground Three:** An indictment is sufficient in charging an offense if it recites the language of the relevant criminal statute, but fails to aggravate an offense if it lacks the degree of the offense and specific numerical designation.
>
> **Ground Four:** When evidence gained from a non-testifying co-defendant is used against the accused, any conviction underscored by this evidence must be reversed pursuant to the Confrontation Clause of the 6th U.S.C.A.
>
> **Ground Five:** Use of a criminal defendant's juvenile record to support imposition of consecutive sentences denies due process and equal protection of the law.

(Petition, ECF No. 1, PageID 3-6.)

## Analysis

The Report concluded Grounds Two, Three, Four, and Five could have been raised on direct appeal and were procedurally defaulted because they had not been raised in that manner (Report, ECF No. 14, PageID 768-78.) Because the omitted assignments of error were without merit, the Report concluded that the Petition should also be dismissed on the merits.

3

Brandon raises three objections which are discussed in turn[1].

**Insufficiency of Count Three of the Indictment**

Brandon objects that his "conviction on Count three of the indictment did not constitute a third-degree felony, because key ingredients were missing and charge was constructively amended." (Objections, ECF No. 15, PageID 781. He asserts the "state appellate court never adjudicated the merits of this claim, and only summarily-denied ineffective assistance of appellate counsel claim. . ." *Id.*

Brandon is correct that this claim was not decided on the merits on direct appeal – because it was not assigned as error in that appeal. *Brandon*, 2018-Ohio-3701 (Ohio App. 5th Dist. Sept. 7, 2018); see also Merit Brief of Appellant (State Court Record, ECF No. 10, PageID 68). The Report is correct that this is a claim which could have been adjudicated on the face of the appellate record. Failure to raise it in that way therefore constitutes a procedural default which prevents merits consideration in habeas unless Brandon can show excusing cause and prejudice.

Brandon claims that omission of this as an assignment of error constituted ineffective assistance of appellate counsel and he raised that claim in the appropriate way under Ohio law, to wit, by filing an application to reopen under Ohio R. App. P. 26(B). Although the Fifth District's rejection of this claim was in summary form, it was a rejection on the merits and cited the relevant federal standard for ineffective assistance of appellate counsel under *Strickland v. Washington*, 466 U.S. 668 (1984)(Judgment Entry, State Court Record, ECF No. 10, PageID 127-28.)

As the Report points out, this Court is bound under Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") to defer to a state court

---

[1] Brandon does not argue his claim that a consent defense should have been raised.

4

merits decision of a federal constitutional question unless that decision is objectively unreasonable (Report, ECF No. 14, PageID 771). The Report found the Fifth District's decision was completely reasonable because the omitted assignment of error was entirely without merit. *Id.* at PageID 774-76.

Brandon objects relying on *United States v. Cook*, 84 U.S. 168 (1872), and *United States v. Cruikshank*, 92 U.S. 542 (1875), for the proposition that "every ingredient [element] which composes the offense" must be in the charging instrument (Objections, ECF No. 15, PageID 781). Here he says

> Ohio law provides that the enhancement factors of the degree of the offence and specific statutory subsection must be listed in the text or body of the indictment, otherwise thee [sic] defendant has only been charged with the least degree of the offence. *State v. Fairbanks* (2007), 172 OApp3d 766, 1124. With these ingredients not being listed (Doc. #: 10, PAGEID#: 120-22), Brandon was only charged with a fifth-degree violation of O.R.C. §2925.11 in Count Three.

*Id.*

As the Report notes, Count Three of the Indictment reads:

> THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about 05/26/2016, in the County of Muskingum, Ohio, Ronald J. Brandon did knowingly obtain, possess, or use Methamphetamine, a Schedule II controlled substance, in an amount greater than the bulk amount but less than five (5) times the bulk amount; in violation of Ohio Revised Code, Title 29, Section 2925.11(A) and against the peace and dignity of the State of Ohio.

(Report, ECF No. 14, PageID 775, citing State Court Record, ECF No. 10, PageID 49.) The Indictment plainly charges Brandon with possession of greater than the bulk amount of methamphetamine but less than five times bulk and also alleges methamphetamine is a Schedule II drug. Ohio Revised Code § provides that a person who possesses a Schedule II controlled substance in that amount is guilty of a third-degree felony, but the face of the Indictment does not say that. The Magistrate Judge thus

5

understood Brandon's claim to be

> that the failure to state of the face of Count Three that it is for a third-degree felony and the failure to specify the Revised Code section that makes it so (Ohio Revised Code § 2925.11(C)(1)(b)) renders the Indictment void and appellate counsel should have raised that as an assignment of error.

*Id.* at PageID 775. Brandon's Objections confirm that this is in fact the claim he is making.

Brandon's claim is wrong even as a matter of Ohio law. The case on which he relies, *State v. Franklin*, 172 Ohio App. 3d 766 (12th Dist. 2007), held that the State may not amend an indictment on the morning of trial to add an element which elevates the degree of the offense from a misdemeanor to a felony. Doing so was held to violate the grand jury clause of the Ohio Constitution. The case does not hold that either the degree of the offense or the statutory citation must appear on the fact of the indictment, even as a matter of Ohio law.

There is no federal constitutional right to be indicted by a grand jury for a state felony offense. The Grand Jury Clause of the Fifth Amendment is not applicable to the States. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes*, 408 U.S. 665, 687-88 n. 25 (1972); *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006)(*Apprendi* does not change this result). "[T]here is no constitutional right in a state prosecution to a grand jury indictment with particular specificity." *Id.* at 534, citing *Rose v. Mitchell*, 443 U.S. 545, 557, n. 7 (1979).

*Russell v. United States*, 369 U.S. 749 (1962), holds the sufficiency of an indictment in federal court is to be measured by the following criteria:

> These criteria are, first, whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,'" and, secondly, "'in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'"

6

369 U.S. at 763-64. While the right to grand jury indictment has not been extended to the States, these criteria are applicable as a matter of due process. *Valentine v. Konteh,* 395 F.3d 626, 631 (6th Cir. 2005), citing *De Vonish v. Keane,* 19 F.3d 107, 108 (2nd Cir. 1994); *Fawcett v. Bablitch,* 962 F.2d 617, 618 (7th Cir. 1992); see also *Isaac v. Grider,* 211 F.3d 1269, 2000 WL 571959, at *4 (6th Cir. 2000); *Parks v. Hargett,* 1999 U.S. App. LEXIS 5133, 1999 WL 157431, at *3 (10th Cir. 1999).

Neither the degree of the offense charged nor the citation to the statute that makes it a crime or prescribes the punishment is an "element" of the crime. As a matter of due process, every element of a crime must be proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307 (1979). In *Apprendi v. New Jersey,* 530 U.S. 466 (2000), the Supreme Court held that "element" includes every fact which must be proved to increase the maximum punishment to which a defendant is liable. In *Blakely v. Washington,* 542 U.S. 296 (2004), the Court held any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. To the extent that *Cook* and *Cruikshank* stand for this proposition – that the charging instrument must contain all elements of the offense – they continue to be good law. But nothing in this line of cases suggests that the degree of the offense (as opposed to the facts that elevate a case to a particular degree) or the statutory citation must appear on the face of the indictment.

Brandon's claim that assigning a degree to the possession of methamphetamine in the jury instructions created a constructive amendment of the indictment (Objections, ECF No. 15, PageID 781) is also without merit. The element required to be proved to elevate Count Three from a fifth-degree felony to a third-degree felony was present on the face of the Indictment, to wit, that

Brandon possessed more than the bulk amount but less than five times bulk.

Because Count Three was sufficient to charge the crime of which Brandon was convicted, it was not ineffective assistance of appellate counsel to fail to claim otherwise. Ground Three of the Petition is without merit. For that reason, Ground One is also without merit.

**Insufficiency of the Evidence to Prove Engaging in a Pattern of Corrupt Activity**

In Ground Four Brandon claims that evidence from a non-testifying co-defendant should have been excluded under the Confrontation Clause and without this evidence, there was not enough evidence to convict him of engaging in a pattern of corrupt activity.

This claim, although available on direct appeal, was not raised there. Brandon asserted in his 26(B) Application that it was ineffective assistance of appellate counsel to fail to do so. The Report concluded that an assignment of error to that effect would not have been successful because there had been no contemporaneous objection to the asserted Confrontation Clause violation (Report, ECF No. 14, PageID 776-77).

Brandon objects first of all that the proper time to raise a Confrontation Clause objection is in a motion for judgment of acquittal rather than when the evidence is offered (Objections, ECF No. 15, PageID 782, citing *Glasser v. United States*, 315 U.S. 60 (1942). *Glasser* says nothing of the kind and did not involve a Confrontation Clause question. There is no exception in the Ohio contemporaneous objection rule to allow a defense attorney to withhold a Confrontation Clause objection until a Rule 29 motion; by that time the jury would have heard the offending evidence, defeating the purpose of the contemporaneous objection rule.

Brandon's Confrontation Clause objection, as the Court understands it, is that the jury

could not have made a finding of engaging in a pattern of corrupt activity without evidence from text messages he exchanged with April Jones showing drug purchases in excess of $1,000. As the Report found, because of a lack of contemporaneous objection, this claim would not have been heard on direct appeal and it was thus not ineffective assistance of appellate counsel to fail to raise this as an assignment of error (Report, ECF No. 14, PageID 777).

But even a contemporaneous objection on Confrontation Clause grounds would have been without merit. Although April Jones did not testify, the State did not rely on any out-of-court testimonial statement by her. Instead, the State proved the value of drugs Brandon sold Jones exceeded $1,000 by the content of text messages between the two of them about the prices of drugs Jones was buying (See Transcript, State Court Record, ECF No. 10-1, PageID 589-90). Although these are out-of-court statements offered for the truth of the content, they are not testimonial in nature[2] and would have been admissible as admissions against penal interest by Jones.

**Use of Brandon's Juvenile Offenses Record to Support Imposition of Consecutive Sentences**

Brandon's fourth omitted assignment of error was that appellate counsel did not plead that reliance by the sentencing judge on juvenile conviction to justify consecutive sentences was unconstitutional. The Report found that there was no authority for this proposition (Report, ECF No. 14, PageID 777-78.)

---

[2] That is, these are not recorded statements by Jones attempting to implicate Brandon. Rather, they are part of the drug transactions between the two of them. The Confrontation Clause bars "admission of **testimonial** statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant has a prior opportunity for cross-examination…" *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004)(emphasis supplied). In *Ohio v. Clark*, 576 U.S. \_\_\_, 135 S. Ct. 2173, 192 L.Ed. 2d 306 (2015), the Supreme Court held a statement is testimonial if its primary purpose is to assist law enforcement.

Brandon objects because this reliance increases the sentencing range, it runs afoul of the holding in *Alleyne v. United States,* 570 U.S. 99 (2013), that any fact that makes a defendant eligible for the mandatory minimum sentence for an offense is an "element" which must be submitted to the jury (Objections, ECF No. 15, PageID 783). On the contrary, the existence of Brandon's juvenile record did not make him eligible for consecutives sentences; it was his multiple convictions that did that. The trial judge merely considered the juvenile record as a factor causing him to choose within the range of available sentences. Imposition of consecutive sentences for multiple offenses, based on facts found by the court rather than the jury, does not violate constitutional right to jury trial, since the jury historically played no role in determining consecutive or concurrent sentences and state had sovereign authority to administer its penal system. *Oregon v. Ice,* 555 U.S. 160 (2009).

**Conclusion**

Based on the foregoing analysis, the Court OVERRULES Petitioner's Objections and ADOPTS the Magistrate Judge's Report and Recommendations. The Petition herein will be dismissed with prejudice. The Clerk will enter judgment to that effect. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis.*

February ~~___~~ March 16th, 2020.

                                                       Edmund A. Sargus, Jr.
                                                       United States District Judge