# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RONALD BRANDON,

                    Petitioner,             :     Case No. 2:19-cv-2487

        - vs -                         District Judge Edmund A. Sargus, Jr.
                                          Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution,

                                   :

                   Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(6)(ECF No. 25).  As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a report and recommended disposition.

The Clerk entered judgment in this habeas corpus case on March 16, 2020 (ECF No. 17) pursuant to this Court's Opinion and Order of the same date, directing dismissal of the case (ECF No. 16). Petitioner seeks relief from that judgment on the basis of *Gibbs v. Huss,* 12 F.4th 544 (6th Cir. 2021).

It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal.  *Polites v. United States*, 364 U.S. 426 (1960); *Ackerman v. United States*, 340 U.S. 193 (1950).   Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district

court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.,* 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989).

> Rule 60(b)(6) is a "catchall" provision that "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.'" *Zagorski v.* Mays, 907 F.3d 901, 904 (6th Cir. 2018) (quoting *Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007)). The Sixth Circuit has made clear that Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter,* 790 F .3d 693, 696-97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.,* 738 F.3d 741,750 (6th Cir. 2013)). In other words, Rule 60(b)(6) is to be used rarely-especially in habeas corpus. *See Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005).

*Hand v. Houk,* 2020 U.S. Dist. LEXIS 41511 *3 (S.D. Ohio Mar. 10, 2020)(Watson, J.).

In Ground Four of his Petition, Brandon alleged his rights under the Confrontation Clause were violated when evidence from a non-testifying co-defendant was admitted at trial. The Court accepted the Magistrate Judge's recommendation that this claim be found to have been procedurally defaulted because no contemporaneous objection was made to the evidence (Decision, ECF No. 16, PageID 793). Alternatively, the Court found that a contemporaneous objection would have been without merit because the evidence in question was not testimonial. *Id.* at 794.

In entering judgment in this case, the Court denied Brandon a certificate of appealability and certified to the Sith Circuit that any appeal would be objectively frivolous (Opinion and Order, ECF No. 16, PageID 795). Brandon sought a certificate of appealability from the Sith Circuit. That court denied a certificate, concluding that no reasonable jurist could debate this Court determination that Grounds Two through Five were without merit and there was thus no ineffective

assistance of appellate counsel in failing to raise them as assignments of error.  *Brandon v. Forshey*, 6th Cir. Case No. 20-3500 (6th Cir. Aug. 31, 2020)(unpublished; copy at ECF No. 22). The Sixth Circuit expressly addressed the Confrontation Clause claim and found it to be without merit on the same basis as this Court had.  *Id.* at PageID 810.  It is now the law of the case that the admission of the text messages with April Jones did not violate Brandon's Confrontation Clause rights.

In *Gibbs, supra,* the Sixth Circuit held the Michigan contemporaneous objection rule was not an adequate state rule as a matter of federal law when it was used to bar merits consideration of a constitutional violation of which the habeas petitioner did not know at the time it was happening, to wit, a closure of voir dire to the public.

*Gibbs* does not support Brandon's position:  he and his attorney certainly knew of the admission of evidence from the non-testifying co-defendant at the time it happened.  Moreover, the Sixth Circuit has repeatedly held that Ohio's contemporaneous objection rule is an adequate and independent state ground of decision.  *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir.  2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing  Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982).  *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

Brandon again argues that the evidence in question was "testimonial" because its "'primary

purpose" was to establish or prove the past event(s) involving the texts." (Motion, ECF No. 25, PageID 815, citing *Hammon v. Indiana*, 547 U. S. 813 (2006). This argument misunderstands the meaning of "testimonial" in the Supreme Court's Confrontation Clause jurisprudence. The out-of-court statements found to be testimonial in *Hammon* were the statements made by a domestic violence victim in an affidavit about what the defendant had done. Here the text messages were transactional as the Court found in its Opinion and Order:

> But even a contemporaneous objection on Confrontation Clause grounds would have been without merit. Although April Jones did not testify, the State did not rely on any out-of-court testimonial statement by her. Instead, the State proved the value of drugs Brandon sold Jones exceeded $ 1,000 by the content of text messages between the two of them about the prices of drugs Jones was buying (See Transcript, State Court Record, ECF No. 10-1, PageID 589-90). Although these are out-of-court statements offered for the truth of the content, they are not testimonial in nature [footnote omitted] and would have been admissible as admissions against penal interest by Jones.

(ECF No. 16, PageID 794). Having been approved by the Sixth Circuit, this is now the law of the case and Brandon has presented nothing justifying disturbing the law of the case.

Brandon also argues that Ohio recognizes an exception to the contemporaneous objection rule for plain error. Because allowing the text messages was plain error, the admission would have been appealable and failure to appeal was ineffective assistance of appellate counsel (Motion, ECF No. 25, PageID 815).

Brandon is mistaken about Ohio law because review for plain error is not a waiver of the contemporaneous objection rule, but an enforcement of it. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

4

**Conclusion**

The Motion for Relief from judgment is without merit and should be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 29, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #