# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RONALD BRANDON,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 2:19-cv-2487 |
| - vs - | | | District Judge Edmund A. Sargus, Jr. |
| | | | Magistrate Judge Michael R. Merz |

TIM BUCHANAN, Warden,
  Noble Correctional Institution,

:

                Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 27) to the Magistrate Judge's Report and Recommendations (Report, ECF No. 26) recommending denial of Petitioner's Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(6)(ECF No. 25). District Judge Sargus has recommitted the motion for reconsideration in light of the Objections (Recommittal Order, ECF No. 28).

Petitioner seeks relief from the final judgment in this case dismissing his Petition for Writ of Habeas Corpus which was entered March 16, 2020, on the basis of *Gibbs v. Huss,* 12 F.4th 544 (6th Cir. 2021). The Report recommended denying relief from judgment because Petitioner's Confrontation Clause claim (Ground Four) was procedurally defaulted for lack of a contemporaneous objection and without merit because the evidence of which Brandon complained was not "testimonial" within the meaning of Confrontation Clause jurisprudence (ECF No. 26, PageID 819). The Sixth Circuit had expressly endorsed this analysis on appeal. *Brandon v.*

1

*Forshey*, 6th Cir. Case No. 20-3500 (6th Cir. Aug. 31, 2020)(unpublished; copy at ECF No. 22).

Brandon first objects:

> to the conclusion that a subsequent change in the standard of review for a federal habeas corpus claim doesn't meet the definition of extraordinary or exceptional circumstances warranting relief from judgment relying on previous standard. Thee [sic] Magistrate cannot point to any case authority in support of his rationale, but seeks to split hairs on Gibbs' [v. Huss, 12 F. 4th 544 (6th Cir. Aug. 30, 2021] application to Ohio law.

(Objections, ECF No. 27, PageID 823).

Although not cited in the Report, there is abundant recent Sixth Circuit precedent holding a change in decisional law is usually not, by itself, an extraordinary circumstance. *Landrum v. Anderson*, 813 F.3d 330 (6th Cir. 2016); *Wright v. Warden*, 793 F.3d 670 (6th Cir. 2015); *Henness v. Bagley*, 766 F.3d 550 (6th Cir. 2014); *McGuire v. Warden*, 738 F.3d 741 (6th Cir. 2013), citing *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007); *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

In *Gibbs*, the habeas petitioner complained that he had been denied his Sixth Amendment right to a public trial when his family and other members of the public had been barred from entering the courtroom during voir dire. 12 F4th at 546. The Michigan court of appeals held the claim was procedurally defaulted for lack of contemporaneous objection. *Id.* Judge Boggs continued:

> But Mr. Gibbs alleges that he and his attorney were completely ignorant of the trial court's closure rule and that they had no reason to know that they should have objected to a closure.
>
> If Mr. Gibbs's allegations be true, then he would have had no reason to object. The application of the ordinarily adequate contemporaneous-objection rule would, in such unique circumstances, be an inadequate bar to federal review. Because it is

> unclear from the record whether Mr. Gibbs was aware of or
> reasonably should have been aware of the courtroom closure, we
> remand for the district court to determine these key facts and
> proceed accordingly.

*Id.* In other words, if Gibbs and his counsel knew the courtroom had been closed during voir dire, their failure to object would have procedurally defaulted the public trial claim under the "ordinarily adequate contemporaneous-objection rule." Thus *Gibbs* stands for the general proposition that the contemporaneous objection rule is not an adequate state procedural rule barring federal habeas review if the defense knew of the constitutional violation at the time it was happening and did not object.

Judge Boggs did not suggest the Sixth Circuit was adopting a new exception to the adequacy requirement for state procedural rules. Indeed, he relied in part on *Osborne v. Ohio,* 495 U.S. 103 (1990), precedent over thirty years old at the time *Gibbs* was decided, upholding Ohio's contemporaneous objection rule.

The Magistrate Judge agrees with Petitioner that Judge Boggs' analysis is not limited to Ohio's contemporaneous objection rule. Instead it applies generally: no habeas petitioner is barred by a contemporaneous objection rule from consideration on the merits of a constitutional claim where neither he nor his counsel knew or reasonably should have known of the violation when it occurred.

Brandon seeks the benefit of this proposition by claiming "it is obvious that Petitioner, nor his attorney, was aware of the testimonial value of the texts." (Objections, ECF No. 27, PageID 823-24). That turns the prior rulings of this Court and of the Sixth Circuit on their head. This Court held the texts were not testimonial but transactional and therefore not barred by the Confrontation Clause and the Sixth Circuit agreed. *Gibbs* did nothing to change that Confrontation

Clause law; Brandon's Confrontation Clause claim was meritless even if he could have overcome lack of a the contemporaneous objection.  If Brandon is now claiming that his attorney did not understand the Confrontation Clause bar was limited to testimonial hearsay, that has been the law since *Crawford v. Washington*, 541 U.S. 36 (2004).  *Gibbs* did not change that law, so the suggestion that *Gibbs* should be applied retroactively to this case is irrelevant.

**Conclusion**

Having reconsidered the Report recommending dismissal of Brandon's Fed.R.Civ.P. 60(b)(6) in light of the Objections, the Magistrate Judge adheres to his earlier recommendation: the Motion for Relief from Judgment should be denied.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 24, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

4

objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.