UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD BRANDON,**

        **Petitioner,**                       **Case No. 2:19-cv-2487**
                                                    **Judge Edmund A. Sargus, Jr.**
**v.**                                                   **Magistrate Judge Michael R. Merz**

**TIM BUCHANAN, WARDEN NOBLE**
**CORRECTIONAL INSTITUTION,**

        **Respondent.**

## OPINION AND ORDER

This matter is before the Court on Petitioner's Objections (ECF Nos. 27, 30) to the Magistrate Judge's Report and Recommendation (ECF No. 26) and Supplemental Report and Recommendation (ECF No. 29). For the reasons set forth below, the Court **OVERRULES** Petitioner's Objections (ECF Nos. 23, 30), **ADOPTS** the Report and Recommendation (ECF No. 26) and the Supplemental Report and Recommendation (ECF No. 29), and **DISMISSES** this case.

### I.

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6) (ECF No. 25). The Clerk entered judgment in this case on March 16, 2020 (ECF No. 17) pursuant to this Court's Opinion and Order of the same date, directing dismissal of the case (ECF No. 16). Petitioner seeks relief from that judgment on the basis of *Gibbs v. Huss,* 12 F.4th 544 (6th Cir. 2021).

### II.

The Magistrate Judge issued a Report and Recommendation (ECF No. 26) in which he found:

> The Motion for Relief from judgment is without merit and should be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

(Report at 5, ECF No. 26.)

In Ground Four of his Petition, Mr. Brandon alleged his rights under the Confrontation Clause were violated when evidence from a non-testifying co-defendant was admitted at trial. This Court accepted the Magistrate Judge's recommendation that this claim be found to have been procedurally defaulted because no contemporaneous objection was made to the evidence (Decision, ECF No. 16). Alternatively, the Court found that a contemporaneous objection would have been without merit because the evidence in question was not testimonial.

In entering judgment in this case, this Court denied Brandon a certificate of appealability and certified to the Sith Circuit that any appeal would be objectively frivolous (Opinion and Order, ECF No. 16). Brandon sought a certificate of appealability from the Sixth Circuit. That court denied a certificate, concluding that no reasonable jurist could debate this Court determination that Grounds Two through Five were without merit and there was thus no ineffective assistance of appellate counsel in failing to raise them as assignments of error. *Brandon v. Forshey*, 6th Cir. Case No. 20-3500 (6th Cir. Aug. 31, 2020) (unpublished; copy at ECF No. 22).

The Sixth Circuit expressly addressed the Confrontation Clause claim and found it to be without merit on the same basis as this Court had. It is now the law of the case that the admission of the text messages with April Jones did not violate Brandon's Confrontation Clause rights.

The Report aptly addressed Mr. Brandon's *Gibbs* arguments:

> In *Gibbs, supra,* the Sixth Circuit held the Michigan contemporaneous objection rule was not an adequate state rule as a matter of federal law when it was used to bar merits consideration of a constitutional violation of which the habeas petitioner did not know at the time it was happening, to wit, a closure of voir dire to the public. *Gibbs* does not support Brandon's position: he and his attorney certainly knew of the admission of evidence from the non-testifying co-defendant at the time it happened. Moreover, the Sixth Circuit has repeatedly held that Ohio's contemporaneous objection rule is an adequate and independent state ground of decision.

(Report at 3, ECF No. 26) (citations omitted).

Petitioner objected to this finding and this Court recommitted Brandon's motion in light of his objections. The Magistrate Judge has issued a Supplemental Report and Recommendation (ECF No. 29), to which Brandon has objected (ECF No. 30).

### III.

In the Supplemental Report and Recommendation, the Magistrate Judge correctly explains why Mr. Brandon is not entitled to relief from the final judgment in this case dismissing his Petition for Writ of Habeas Corpus which was entered March 16, 2020, on the basis of *Gibbs v. Huss,* 12 F.4th 544 (6th Cir. 2021). The Report recommended denying relief from judgment because Petitioner's Confrontation Clause claim (Ground Four) was procedurally defaulted for lack of a contemporaneous objection and without merit because the evidence of which Brandon complained was not "testimonial" within the meaning of Confrontation Clause jurisprudence (ECF No. 26, PageID 819). The Sixth Circuit had expressly endorsed this analysis on appeal. *Brandon v. Forshey*, 6th Cir. Case No. 20-3500 (6th Cir. Aug. 31, 2020) (unpublished; copy at ECF No. 22).

Brandon first objects:

> to the conclusion that a subsequent change in the standard of review for a federal habeas corpus claim doesn't meet the definition of extraordinary or exceptional circumstances warranting relief from judgment relying on previous standard. Thee

3

> [sic] Magistrate cannot point to any case authority in support of his rationale, but seeks to split hairs on Gibbs' [v. Huss, 12 F. 4th 544 (6th Cir. Aug. 30, 2021] application to Ohio law.

(Objections, ECF No. 27, PageID 823).

The Magistrate Judge properly found that there is abundant recent Sixth Circuit precedent holding a change in decisional law is usually not, by itself, an extraordinary circumstance. *Landrum v. Anderson*, 813 F.3d 330 (6th Cir. 2016); *Wright v. Warden*, 793 F.3d 670 (6th Cir. 2015); *Henness v. Bagley*, 766 F.3d 550 (6th Cir. 2014); *McGuire v. Warden*, 738 F.3d 741 (6th Cir. 2013), citing *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007); *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). He concluded that:

> Thus *Gibbs* stands for the general proposition that the contemporaneous objection rule is not an adequate state procedural rule barring federal habeas review if the defense knew of the constitutional violation at the time it was happening and did not object.
>
> Judge Boggs did not suggest the Sixth Circuit was adopting a new exception to the adequacy requirement for state procedural rules. Indeed, he relied in part on *Osborne v. Ohio,* 495 U.S. 103 (1990), precedent over thirty years old at the time *Gibbs* was decided, upholding Ohio's contemporaneous objection rule.

(Supp. Report at 2, ECF No. 29.)

This Court held the texts were not testimonial but transactional and therefore not barred by the Confrontation Clause and the Sixth Circuit agreed. This Court agrees with the Magistrate Judge that *Gibbs* did nothing to change that Confrontation Clause law; Brandon's Confrontation Clause claim was meritless even if he could have overcome lack of a contemporaneous objection. If Brandon is now claiming that his attorney did not understand the Confrontation Clause bar was limited to testimonial hearsay, that has been the law since *Crawford v. Washington*, 541 U.S. 36 (2004). *Gibbs* did not change that law, so the suggestion that *Gibbs*

4

should be applied retroactively to this case is irrelevant. There is nothing in Petitioner's Supplemental Objection to call this conclusion into question.

Additionally, Petitioner is not entitled to a COA, because no "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Sixth Circuit has also cautioned that "a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).

## IV.

Based on the foregoing, the Court **OVERRULES** Petitioner's Objections (ECF Nos. 23, 30), **ADOPTS** the Report and Recommendation (ECF No. 26) and the Supplemental Report and Recommendation (ECF No. 29), and **DISMISSES** this case. The Court **DENIES AS MOOT** the Motion to Proceed to Judgement (ECF No. 31.) The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendant and **CLOSE** this case.

**IT IS SO ORDERED.**

**8/15/2023**                            s/Edmund A. Sargus, Jr.
**DATE**                                 **EDMUND A. SARGUS, JR.**
                                             **UNITED STATES DISTRICT COURT**